[Crim. No. 12848.   Second Dist., Div. One.   May 8, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. HERBERT LEE THOMAS, Defendant and Appellant.

Paul Cooksey for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of violating the provisions of the Dangerous Weapons' Control Law (Pen. Code, § 12021) and of receiving stolen property (Pen. Code, § 496).

In an amended information filed in Los Angeles County on or about September 27, 1965, defendant was charged in count I with having in his possession on or about August 13, 1965, two .38 caliber revolvers, capable of being concealed on the person, having heretofore been convicted of a felony (grand theft) on May 9, 1957. In count III defendant was charged with receiving stolen property on the date above mentioned. Count II was a charge of burglary with which we are not presently concerned. Defendant pleaded not guilty. A jury trial was waived and defendant admitted the charge of a prior conviction of a felony. Witnesses in behalf of the prosecution testified. The defendant did not testify nor did any witness testify in his behalf. Defendant was found guilty of counts I and III as charged and sentenced to the state prison.

A resume of some of the facts is as follows: The Central Loan and Jewelry Company business was located at 4369 Central Avenue, Los Angeles, in the Watts riot area, on Friday, August 13, 1965. At about 4:45 p.m. on that date the management officers of the business closed the establishment. This was not the usual closing hour. At that time, however, the place was in good order. The next morning, Saturday, August 14, 1965, two of the men from the business went to the store and found the windows broken, the gates bent up and other extensive damage. Because of the chaos in the area, the

manager and the owner left "in a hurry." On the following Monday, August 16, 1965, the manager and the owner returned to the store and saw the broken showcases, saw that about 150 guns had been taken and that the place, as a whole, had been thoroughly looted. Among the revolvers which had been taken were two .38 caliber guns, one an Ivar Johnson make and one a Colt model, each with serial numbers thereon. These guns, from the numbers thereon, were determined to be the guns which later were found in the possession of defendant.

On Friday, August 13, 1965, at about 11 p.m., Officers Webb and Lindsay, of the City of Vernon Police Department, were in uniform driving a black and white marked police car north on Santa Fe Avenue at about 37th Street. They were "working around the clock" at the time for the riot was in full force. Alameda Street is the first street east of Santa Fe Avenue and was one of the so-called boundaries of the riot area. The officers saw a 1940 Chrysler car being driven in the opposite direction on Santa Fe Avenue. When the two cars were approximately opposite each other, the officers heard a sharp report like that of a gun explosion coming from the Chrysler car. The officers naturally were "apprehensive" of being shot at by someone in the Chrysler car and immediately turned the police car around and chased after the Chrysler car and caused it to be pulled to the curb in a matter of about an eighth of a mile. The two officers, in the meantime, called for officer assistance. The officers upon stopping the Chrysler car directed the five persons therein to get out on the right side of the car. The defendant was the driver of the Chrysler car. A pat-down weapon search by the officers was made of each of the occupants of the Chrysler car. One of the officers looked into the Chrysler and saw several unopened bottles of liquor, 24 or 25 packages of cigarettes, several pieces of men's new wearing apparel, several pieces of costume jewelry, a new television remote-control timing device and an assortment of what appeared to be new merchandise. The officers had reports of looting on Alameda Street and thought that the items were the result of looting. The officers then opened the car door and found the two revolvers, heretofore described as being numbered, under the front seat of the car. Each of the guns had on it powder residue which appeared to be of recent origin. The guns appeared to have been fired recently and were capable of being fired again.

Officer Anderson, an investigating officer, questioned

defendant on August 16, 1965, at about 9 a.m., after fully advising defendant of his rights under the rules of *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] and *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758].

Defendant said: " 'I would like to tell the truth now.' He said, 'I picked up the juveniles, the four juveniles early in the evening. We were cruising the riot area on Central Avenue. We stopped in front of a pawn shop. We saw a box of guns setting in front of a pawn shop. I took one, one of the juveniles took the other one from the box, we left the area, and the juvenile that had taken the other weapon, the other revolver, gave it to me because it was my car, and that was more or less a transportation fee.' "

Appellant now asserts that the search and seizure was unreasonable and illegal and, as a consequence, the revolvers should not have been received into evidence, that the statement by defendant made to officer Anderson was unconstitutionally received into evidence, and that he had a right to be advised that counsel would be appointed for him in the event he had no money to pay for such a service.

It is not necessary under our law that the search follow the arrest—to the contrary, the search may precede the arrest under some circumstances. An officer may make an arrest without a warrant " [w]henever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed." (Pen. Code, § 836, subd. 3.) "Probable cause for an arrest is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.] Probable cause may exist even though there may be some room for doubt. [Citations.] The court and not the officer must make the determination whether the officer's belief is based upon reasonable cause. [Citations.] The test in such case is not whether the evidence upon which the officer made the arrest is sufficient to convict but only whether the prisoner should stand trial." (*People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 96] ; *People* v. *Ingle,* 53 Cal.2d 407, 412 [348 P.2d 577].) The circumstances of each case are controlling and the existence or nonexistence of reasonable cause must be determined upon the basis of the facts of the situation which confronted the officer at the time and under the conditions of when and where he made the arrest.

Here the officers were patrolling in an area immediately adjoining the riot area (this court can take judicial notice of the fact that several people were shot at and some were murdered in that riot), the officers heard what they thought was a shot from an approaching car and thought they were being fired upon (as were other officers fired upon in the area), the officers turned and gave chase and upon stopping the car which defendant was driving found there were many items which appeared to be loot from various stores. Certainly this was enough to lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the persons in that car had committed at least one felony and probably more.

This case went to trial on November 8, 1965, and judgment was made and entered on March 31, 1966. The notice of appeal was not signed until April 19, 1966, and filed on April 22, 1966; however, permission was given to file the late notice. In any event, the rules of *Miranda* v. *Arizona* (June 13, 1966), 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] are not involved in this case. (See *Johnson* v. *New Jersey*, 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772]; *People* v. *Rollins*, 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].) The admonitions contained in *Escobedo* v. *Illinois*, *supra*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] and *People* v. *Dorado*, *supra*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] were fully complied with and the statement of defendant was properly received into evidence.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.